UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| KINDA RENFRO AND DEBRA RHODES ) | |
| ) | |
| Plaintiffs ) | |
| ) | Civil Action No. 6:24-cv-03336WBG |
| v. ) | |
| ) | |
| SHEPHERD OF THE HILLS ) | |
| DEVELOPMENT, LLC d/b/a ) | |
| SHEPHERD'S FAMILY ADVENTURE ) | |
| PARK, ) | |
| Defendant. ) | |

## SHEPHERD OF THE HILLS DEVELOPMENT, LLC'S ANSWER TO PLAINTIFFS' COMPLAINT

COME NOW Defendant, Shepherd of the Hills Development, LLC (Incorrectly named Shepherd of the Hills Development, LLC, d/b/a Shepherd's Family Adventure Park. Herein after referred to as "Shepherd."), and for its answer to Plaintiffs' Complaint states as follows:

1. Paragraph 1 of Plaintiffs' Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant Shepherd is without information or knowledge sufficient to form a belief as to the truth, meaning, or intent of allegations contained in Paragraph 1 of the Plaintiffs' Complaint and, therefore, denies the same.

2. Paragraph 2 of Plaintiffs' Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant Shepherd is without information or knowledge sufficient to form a belief as to the truth, meaning, or intent of allegations contained in Paragraph 2 of the Plaintiffs' Complaint and, therefore, denies the same.

## PARTIES

3. Defendant Shepherd is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 3 of Plaintiffs' Complaint, and therefore denies the same.

4. Defendant Shepherd is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 4 of Plaintiffs' Complaint, and therefore denies the same.

5. Defendant admits that Shepherd of the Hills Development LLC is a limited liability company, registered in the State of Missouri, with a registered agent of Jeffrey D. Johnson, at 4034 E. Whitehall, Springfield, MO 65809. Defendant denies any and all remaining allegations contained in Paragraph 5 of Plaintiffs' Complaint,

## JURISDICTION AND VENUE

6. Paragraph 6 of Plaintiffs' Complaint calls for a legal conclusion to which no response is required. To the extent any response is required, Defendant does not contest diversity jurisdiction claimed in paragraph 6 of Plaintiffs' Complaint.

7. Defendant admits that venue is proper in the Western District of Missouri but denies its actions caused or contributed to cause the injury alleged in Paragraph 7 of Plaintiffs' Complaint.

8. Defendant admits that venue is proper in the Western District of Missouri as it resides in the Southern District of Missouri, Springfield, Missouri.

## FACTUAL BACKGROUND

9. Defendant Shepherd is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 9 of Plaintiffs' Complaint, and therefore denies the same.

10. Defendant Shepherd is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 10 of Plaintiffs' Complaint, and therefore denies the same.

11. Defendant Shepherd is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 11 of Plaintiffs' Complaint, and therefore denies the same.

12. Defendant Shepherd is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 12 of Plaintiffs' Complaint, and therefore denies the same. Defendant expressly denies that its actions caused or contributed to cause any claimed injury.

13. Defendant admits that it is a Limited Liability Corporation registered in the State of Missouri and that it owns and operates an Amusement Park.

14. Defendant denies the allegations contained in paragraph 14 of Plaintiffs' Complaint, as phrased.

15. Defendant denies the allegations, as phrased, in paragraph 15 of Plaintiffs' Complaint.

16. Defendant Shepherd is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 16 of Plaintiffs' Complaint, and therefore denies the same.

17. Defendant Shepherd denies the allegations contained in Paragraph 17 as both women were allowed to ride in the same cart.

18. Defendant Shepherd denies the allegations contained in Paragraph 18.

19. Defendant Shepherd denies the allegations, as phrased, in Paragraph 19. Defendant admits that plaintiffs **did not** exceed any maximum weight limit of the ride.

20. Defendant Shepherd denies the allegations contained in Paragraph 20.

21. Defendant Shepherd denies the allegations contained in Paragraph 21.

22. Defendant Shepherd denies the allegations contained in Paragraph 22.

23. Defendant Shepherd denies the allegations contained in Paragraph 23.

24. Defendant Shepherd denies the allegations contained in Paragraph 24.

25. Defendant Shepherd is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 25 of Plaintiffs' Complaint, and therefore denies the same.

26. Defendant Shepherd is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 26 of Plaintiffs' Complaint, and therefore denies the same.

27. Defendant Shepherd is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 27 of Plaintiffs' Complaint, and therefore denies the same.

28. Defendant Shepherd is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 28 of Plaintiffs' Complaint, and therefore denies the same.

29. Defendant Shepherd is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 29 of Plaintiffs' Complaint, and therefore denies the same. Defendant expressly denies it caused or contributed to cause plaintiffs any injury.

30. Defendant Shepherd is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 30 of Plaintiffs' Complaint, and therefore denies the same. Defendant expressly denies it caused or contributed to cause plaintiffs any injury.

31. Defendant Shepherd is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 31 of Plaintiffs' Complaint, and therefore denies the same. Defendant expressly denies it caused or contributed to cause plaintiffs any injury.

32. Defendant Shepherd is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 32 of Plaintiffs' Complaint, and therefore denies the same. Defendant expressly denies it caused or contributed to cause plaintiffs any injury.

33. Defendant Shepherd denies the allegations contained in Paragraph 33 of Plaintiffs' Complaint.

34. Defendant Shepherd is without information or knowledge sufficient to form a belief as to the allegations contained in Paragraph 34 of Plaintiffs' Complaint, and therefore denies the same. It expressly denies any misconduct or that it caused or contributed to cause plaintiffs any injury.

## **COUNT I**

35. Defendant incorporates by reference its response to Paragraphs 1-34 as if fully rewritten, for its response to Paragraph 35.

36. Defendant Shepherd denies the allegations contained in Paragraph 36 of Plaintiffs' Complaint.

37. Paragraph 37 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Shepherd denies the allegations contained in Paragraph 37 of the Complaint.

38. Paragraph 38 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Shepherd denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant Shepherd denies the allegations contained in Paragraph 39 of the Complaint, including all subparts (a) through (l).

40. The allegations contained in Paragraph 40 call for a legal conclusion and therefore, no answer is required. To the extent a response is required, Shepherd denies the allegations contained in Paragraph 40 of the Complaint.

41. The allegations contained in Paragraph 41 call for a legal conclusion and therefore, no answer is required. To the extent a response is required, Shepherd denies the allegations contained in Paragraph 41 of the Complaint.

43. The allegations contained in Paragraph 43 call for a legal conclusion and therefore, no answer is required. To the extent a response is required, Shepherd denies the allegations contained in Paragraph 43 of the Complaint.

44. The allegations contained in Paragraph 44 call for a legal conclusion and therefore, no answer is required. To the extent a response is required, Shepherd denies the allegations contained in Paragraph 44 of the Complaint.

## COUNT II

45. Defendant incorporates by reference its response to Paragraphs 1-44 as if fully rewritten, for its response to Paragraph 45.

46. Paragraph 46 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Shepherd denies the allegations contained in Paragraph 46 of the Complaint. It specifically denies that it created the Mountain Coaster.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint, including all its subparts (a) through (j).

54. Defendant denies the allegations contained in Paragraph 54 of the Complaint.

## COUNT III

55. Defendant incorporates by reference its response to Paragraphs 1-54 as if fully rewritten, for its response to Paragraph 55.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60. The allegations contained in Paragraph 60 call for a legal conclusion and therefore, no answer is required. To the extent a response is required, Shepherd denies the allegations contained in Paragraph 60 of the Complaint.

61. The allegations contained in Paragraph 61 call for a legal conclusion and therefore, no answer is required. To the extent a response is required, Shepherd denies the allegations contained in Paragraph 61 of the Complaint.

62. The allegations contained in Paragraph 62 call for a legal conclusion and therefore, no answer is required. To the extent a response is required, Shepherd denies the allegations contained in Paragraph 62 of the Complaint.

63. The allegations contained in Paragraph 63 call for a legal conclusion and therefore, no answer is required. To the extent a response is required, Shepherd denies the allegations contained in Paragraph 63 of the Complaint.

64. The allegations contained in Paragraph 64 call for a legal conclusion and therefore, no answer is required. To the extent a response is required, Shepherd denies the allegations contained in Paragraph 64 of the Complaint.

65. The allegations contained in Paragraph 65 call for a legal conclusion and therefore, no answer is required. To the extent a response is required, Shepherd denies the allegations contained in Paragraph 65 of the Complaint.

66. The allegations contained in Paragraph 66 call for a legal conclusion and therefore, no answer is required. To the extent a response is required, Shepherd denies the allegations contained in Paragraph 66 of the Complaint.

67. The allegations contained in Paragraph 67 call for a legal conclusion and therefore, no answer is required. To the extent a response is required, Shepherd denies the allegations contained in Paragraph 67 of the Complaint.

68. The allegations contained in Paragraph 68 call for a legal conclusion and therefore, no answer is required. To the extent a response is required, Shepherd denies the allegations contained in Paragraph 68 of the Complaint.

## DEMAND FOR JURY TRIAL

69. The allegations contained in Paragraph 69 call for a legal conclusion and therefore, no answer is required. In further answer, Defendant Shepherd also demands a trial for a Jury Trial.

WHEREFORE, having fully answered, Defendant Shepherd demands judgment against plaintiffs and prays that the prayer of plaintiffs' be denied, for its costs and for such other and further relief as this Court shall deem just and proper.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint fails to state a claim against Defendant Shepherd upon which relief may be granted.

2. Defendant Shepherd states that if plaintiffs sustained any damage or injuries, which is denied, those damages or injuries were caused, in whole or in part, by the acts, omissions, or fault of plaintiffs. Accordingly, Defendant Shepherd is entitled to an assessment of the relative degree of fault between plaintiffs and Defendant Shepherd, and Defendant Shepherd is responsible for only that percentage of fault, if any, which may be assessed against Defendant Shepherd.

3. Defendant Shepherd states that if plaintiffs sustained any damage or injuries, which is denied, those damages or injuries were caused, in whole or in part, by the acts, omissions, or fault of others for whom Defendant Shepherd is not responsible and were not caused by any breach of duty by Defendant Shepherd. Accordingly, Defendant Shepherd is entitled to an assessment of

the relative degrees of fault of all such persons or entities and Defendant Shepherd is responsible for only that percentage of fault, if any, which may be assessed against Defendant Shepherd.

4. Defendant Shepherd states that plaintiffs' alleged damages and/or injuries, if any, were the result of an independent, intervening and/or superseding cause or event and/or an act of omission or commission on the part of one or more persons or entities over whom defendant had no control and is therefore not legally responsible.

5. Defendant Shepherd states that if any damages were suffered by plaintiffs as a result of the circumstances pled in plaintiffs' Petition, which is expressly denied, those damages were the direct result of plaintiffs' failure to take reasonable action to prevent damages, and by such failure plaintiffs failed to mitigate any damages in this action.

6. Defendant Shepherd states that if any judgment is entered against it based on the events and allegations stated in plaintiffs' Petition, that judgment must be reduced by either: (1) the stipulated amount of all settlement agreements between plaintiffs and other alleged tortfeasors, or (2) the amount of consideration all other alleged tortfeasors paid to plaintiffs for relief for discharge, whichever is greater, as provided in R.S.Mo. §537.060.

7. Further answering and by way of affirmative defense, Defendant Shepherd states that it reserves the right to assert any and all affirmative defenses that may be discovered through the course of discovery and/or any and all affirmative defenses raised by any other defendant to this action.

8. In further answer and defense, plaintiffs' prayer for punitive damages should be stricken or dismissed because Plaintiffs cannot request a punitive damage award in their initial pleading as a matter of Missouri law. *See* § 510.261 R.S.Mo.

9. In further answer and defense, Defendant states the allegations in Plaintiffs' Complaint fail to set forth a factual basis to support their claim for aggravating circumstances and/or punitive damages.

10. In further answer and defense, Defendant states that Plaintiffs' claim for aggravating circumstances and/or punitive damages is unconstitutional and that the laws establishing the standards for granting and assessing punitive damages are vague, ambiguous and arbitrary, thereby violating Defendant's constitutional rights to due process and equal protection under the Fourteenth Amendment of the U.S. Constitution and the Constitution of the State of Missouri, Article I, Section 10, and any law of the State of Missouri, whether enacted by the Missouri Legislature or founded upon decisions of Missouri Courts permitting Plaintiffs to recover such damages is unconstitutional.

11. In further answer and defense, Defendant states that Plaintiffs' claim for aggravating circumstances and/or punitive damages are unconstitutional to the extent that Plaintiffs' Complaint seeks to punish Defendant without protection of the constitutional safeguards, including but not limited to, proof beyond a reasonable doubt, the right to a speedy trial, the prohibitions against double jeopardy and excessive fines and freedom from self-incrimination during the discovery process and trial which is guaranteed under the Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States and the Constitution of the State of Missouri, Article I, § 18(a) and § 19, and any law of the State of Missouri, whether enacted by the Missouri legislature or founded upon decisions of Missouri courts permitting Plaintiffs to recover punitive damages without protection of such safeguards is unconstitutional.

12. In further answer and defense, Defendant states that unless Defendant's liability for aggravating circumstances and/or punitive damages and the appropriate amount of punitive damages are required to be established by clear and convincing evidence, any award of punitive damages would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the Constitution of the State of Missouri, Article I, § 10, and would be improper under the common law and public policies of the State of Missouri.

13. In further answer and defense, Defendant states that the claim of Plaintiffs for aggravating circumstances and/or punitive damages against Defendant cannot be sustained because any award of punitive damages under Missouri law without bifurcating the trial and trying all punitive damages issues only if and after liability on the merits has been found, would violate Defendant's due process rights guaranteed by the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Missouri, Article I, § 10, and would be improper under the common law and public policies of the State of Missouri and under applicable rules of court and statutes of the State of Missouri.

14. In further answer and defense, Defendant states that the claim of Plaintiffs for aggravating circumstances and/or punitive damages against Defendant cannot be sustained because an award of punitive damages under Missouri law, subject to no predetermined limit, such as maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, would violate Defendant's due process rights guaranteed by the Fourteenth Amendment of the Constitution of the United States and the Constitution of the State of Missouri, Article I, § 10, and would be improper under the common law and public policies of the State of Missouri.

15. In further answer and defense, Defendant states that the claim of Plaintiffs for aggravating circumstances and/or punitive damages against Defendant cannot be sustained because an award of punitive damages under Missouri law by a jury that (a) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damage award, (b) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrents and punishments, (c) is not expressly prohibited from awarding punitive damages or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of Defendant, (d) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (e) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on this basis of objective standards, and would violate Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the Constitution of the State of Missouri, Article I, § 10, and would be improper under the common law and public policies of the State of Missouri.

16. In further answer and defense, this defendant reserves the right to raise, supplement, and amend its affirmative defenses as may be established during discovery and by the evidence in this case.

WHEREFORE, having fully answered, Defendant Shepherd demands judgment against plaintiffs and prays that the prayer of plaintiffs be denied, for its costs and for such other and further relief as this Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

COMES NOW Defendant Shepherd by and through its attorneys of record, Baker Sterchi Cowden & Rice, L.L.C. and files this, its demand for trial by jury to twelve (12) herein. We reserve our right to demand pretrial conference when discovery is complete.

Respectfully submitted,

**BAKER STERCHI COWDEN & RICE LLC**

/s/ Laura K. Beasley
Laura K. Beasley, No. 60555
David C. Vaughn, IV, #70396
23 Public Square, Suite 400
Belleville, Illinois 62220
lbeasley@bakersterchi.com
dvaughn@bakersterchi.com
Telephone:  618-202-5801
Facsimile:   618-257-2678
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was filed with the Clerk of the Court using the CM/ECF system on this 2nd day of January 2025, which will send notification of the same to all counsel of record.

Steven B. Garner
Jeff Bauer
Strong Law, P.C.
Hammons Tower
901 E. St. Louis, 18th Floor
Springfield, MO 65806
417-887-4300
sgarner@stronglaw.com
jbauer@stronglaw.com

Tony G. Buzbee
David Bergen
The Buzbee Law Firm
J.P. Morgan Chase Tower
600 Travis, Suite 7500
Houston, TX 77002
tbuzbee@txattorneys.com
dbergen@txattorneys.com

*Attorneys for Plaintiffs*

                                                  */s/ Laura K. Beasley*